**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Carlos REYES, also known as**
**Carlos Reyes–Quintanilla,**
**Defendant–Appellant.**

**No. 07–50898**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Carlos Reyes raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Arturo GARCIA–BUSTOS,**
**Defendant–Appellant.**

**No. 07–50909**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Arturo Garcia–Bustos raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

Appealing the Judgment in a Criminal Case, Manuel Chavez–Morales raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.